## EL PUEBLO *v.* RAMÚ.

APELACIÓN procedente de la Corte de Distrito de Ponce.

MOCIÓN del Fiscal desistiendo de la apelación.

No. 500.—Resuelto en diciembre 20, 1912.

Desistida la apelación a instancia del Fiscal.

Abogado de El Pueblo: *Sr. Charles E. Foote, Fiscal.*

La parte apelada no compareció.

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey; juez disidente: Sr. MacLeary.

### VOTO PARTICULAR DEL JUEZ ASOCIADO SEÑOR MACLEARY.

El escrito de desistimiento presentado por el Fiscal en este caso es idéntico al de los casos Nos. 490, 491 y 494. En suma, uno parece copiado del otro, cambiándose solamente los nombres, fechas, etc., para ajustarlo al caso a que corresponde.

Todas las razones consignadas en las observaciones preliminares del caso No. 490 son aplicables, también, a este caso y son las que me hacen no estar conforme con mis compañeros en la consideración que hasta ahora se ha hecho de la cuestión.

Esta es una apelación interpuesta contra una orden que dictó la corte inferior en un procedimiento de *habeas corpus,* poniendo en libertad al prisionero. Ramú había sido acusado ante el juez municipal por incendiar su casa para cobrar el

aseguro, y fué reducido a prisión por no haber prestado la fianza de $2,000 que le fué exigida.

El juez que conoció del *habeas corpus (a quo)*, resolvió que no se probó de modo alguno que el fuego fuera obra de un incendiario, y por esta razón no consideró la intención criminal del prisionero, ni el exceso en la cuantía de la fianza que se fijó para su excarcelación provisional.

No he creído necesario examinar los hechos de modo riguroso según aparecen de los autos. Las apelaciones que se interponen contra órdenes dictadas en procedimientos de *habeas corpus* por lo general no deben favorecerse, especialmente cuando el peticionario se encuentra en libertad. Si el acusado es culpable, puede prontamente ser encarcelado nuevamente si ha sido puesto en libertad mediante *habeas corpus;* y si es inocente, puede hacer una nueva solicitud si se le volviera a arrestar. Solamente en casos muy excepcionales es que debe interponerse apelación contra la orden dictada en un caso de *habeas corpus*. Existen demasiado apelaciones de esta clase presentadas a este tribunal, y si en este caso el Fiscal hubiera hecho una moción en debida forma dirigida a la discreción de la corte como debió haberse hecho, entonces muy bien se hubiera podido acceder a su solicitud de desistimiento en esta apelación. Pero no habiéndose seguido este camino, y creyendo que la resolución dictada en este caso es un documento que no tiene valor, no estoy conforme con la misma. Por estas razones he disentido.